IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
01 MAY 22 PM 3:34

U.S. DIST. COURT
N.D. OF ALABAMA

PRUDENTIAL SECURITIES }
INCORPORATED, }
 }
    Plaintiff, }    CIVIL ACTION NO.
 }
v. }    CV-01-AR-1171-S
 }
RANDALL SCHRIMSHER, }
 }
    Defendant. }

ENTERED
MAY 22 2001

### MEMORANDUM OPINION

On May 9, 2001, this court entered a temporary restraining order ("T.R.O.") preventing defendant, Randall Schrimsher ("Schrimsher"), from soliciting clients of plaintiff, Prudential Securities Incorporated ("Prudential"), within a 100 mile radius of Huntsville, Alabama. The T.R.O. was based upon Prudential's allegation that Schrimsher had executed a non-compete agreement when he first became employed by Prudential, and that Schrimsher was violating that agreement. The order provided for its own expiration after ten (10) days unless followed by the entry of a preliminary injunction, the hearing of which, by agreement of the parties, was set for 2:00 p.m., May 17, 2001. When the court orally agreed to grant the restraining order, the court voiced its doubts about the appropriateness of both mandatory arbitration, which had already been instituted by Prudential, and a court proceeding between the same parties, with both forums concededly having the power to grant injunctive relief. At the appointed hour



on May 17, 2001, the parties appeared. Nobody was present except the lawyers. After a brief colloquy, the court expressed its tentative conclusion that a preliminary injunction should not issue, but agreed that all materials which had been submitted and which would be submitted by noon, May 21, 2001, would be considered by the court before a ruling.

Based on the pleadings, the affidavits and the briefs, there seems to be an honestly debatable dispute on the merits of the controversy between the parties. There are, however, several things beyond dispute, things that relate to the propriety of the granting of the requested preliminary injunction. First, this court has never before granted, nor been asked to grant, a preliminary injunction without an expectation of the court's ultimately ruling on the merits. A preliminary injunction from this court, when some other tribunal will decide the merits, seems to contradict the provisions of Rule 65(a)(2), F.R.Civ.P., which make admissible at trial on the merits the evidence received in support of and in opposition to the application for preliminary injunction and which allows for a collapsing of the preliminary injunctive hearing into a hearing on the prayer for a permanent injunction. If this anomaly presented by Rule 65 can be overcome, the next undisputed pertinent fact in the instant case is that in Schrimsher's employment contract with Prudential he consented "to the issuance of a Temporary Restraining Order **or** Preliminary

Injunction from a court of competent jurisdiction to prohibit the breach of any provision of the contract **or** to maintain the status quo pending the outcome of any arbitration proceeding which may be initiated" (emphasis supplied).  This provision contains two separate disjunctive phrases.  Schrimsher agreed to allow a temporary restraining order **or** to allow a preliminary injunction. He did not consent to the issuance of both types of injunction. Prudential has already sought and obtained a T.R.O.  Schrimsher did not draft this contract.  It must be construed against Prudential, the draftsman.  The other **"or"** in this provision of the contract stands between the alternative of the court's prohibiting a breach of the contract and the court's maintaining the status quo.  These are two different kinds of relief.  They are alternatives. Considering the contract agreement of Prudential, the court is not sure which of the alternatives Prudential is asking it to provide. A third relevant undisputed fact is that the Code of Arbitration Procedure promulgated by the National Association of Securities Dealers ("NASD"), ostensibly incorporated by reference in the "Financial Advisor in Training Agreement" here being invoked both by Prudential and by Schrimsher, expressly contemplates that the signatories can seek injunctive relief in an arbitration proceeding **or** "from a court of competent jurisdiction".  Rule 10335 of NASD's Code of Arbitration Procedure contains no reference to a "temporary restraining order" or to a "preliminary injunction".  Instead, it

refers expressly to a "temporary injunction", whatever that means. The term cannot be found in the Federal Rules of Civil Procedure. Fourth, and most important, Schrimsher does not resist a binding arbitration tribunal as the proper forum for the resolution of all issues between the parties. Schrimsher's former employer started the arbitration process simultaneously with its seeking the same relief in this court that is available to it in an arbitration proceeding; and Schrimsher responds straightforwardly that he is ready, willing and able to submit all matters to arbitration on an expedited basis. Although this court has not been shown the request for relief presented by Prudential to the prospective arbitral panel, Prudential has conceded that it can obtain the same relief from the arbitrators that it can obtain from this court.

Prudential relies upon two federal cases, both brought by American Express Financial Advisors, one decided by the Eleventh Circuit and the other decided by the Second Circuit. Only the expression by the Eleventh Circuit in *American Express Financial Services, Inc. v. Makarewicz*, 122 F.3d 926 (11th Cir.1997), cert. denied 523 U.S. 1022 (1998), is binding on this court, but *American Express Financial Advisors, Inc. v. Thorley*, 147 F.3d 229 (2nd Cir.1998) contains a meritorious argument for the power of a court to grant injunctive relief despite the availability of injunctive relief from an arbitral tribunal.

In *Makarewicz*, the Eleventh Circuit dealt with an employment

4

agreement that did not provide for the arbitrability of a party's alleged need for interim injunctive relief. The trial court, which was there being reviewed, had denied injunctive relief to the former employer, and instead submitted to arbitration the employer's claims for equitable relief. In reversing, the Eleventh Circuit held that the terms of the employment contract contradicted the district court's conclusion that equitable claims were arbitrable, and therefore concluded that the trial court had no authority to submit equitable claims to arbitration. See *Makarewicz*, 122 F.3d at 939. The Eleventh Circuit followed this holding by the following revealing holding:

> Under the FAA [Federal Arbitration Act], **upon motion of a party, district courts must compel arbitration of all claims subject to arbitration**.

Id. at 939 (emphasis supplied).

Prudential's claim for interim equitable relief is admittedly subject to arbitration. Furthermore, Schrimsher's pleading, fairly construed, constitutes a motion to compel the arbitration of all issues, including Prudential's request for equitable relief. The contract under consideration in *Makarewicz* did not contain a redundant reservation of the right to seek interim injunctive relief from a court of competent jurisdiction, as well as from the arbitrators. Instead, it precluded the submission of the question of injunctive relief to the arbitrators, while expressly providing for the right to go to a court of competent jurisdiction for that

5

relief.  *Makarewicz* is more helpful to Schrimsher than to Prudential.

This court does not say, because it does not have to say, that it lacks jurisdiction to grant any injunctive relief in a case like this one if an exercise of jurisdiction were vital to accomplishing justice in that particular case.  In other words, what this court is doing here is exercising its discretion, and abstaining in favor of the arbitration which the parties contracted for, and which the Federal Arbitration Act prefers.  This court finds that the undisputed facts of this case lead to the inevitable conclusion that the court should defer to the arbitrable tribunal, whose jurisdiction was contracted for, and whose jurisdiction has been invoked by both parties.  The joint request for expedited consideration removes any doubt this court may otherwise have had.

If this court had proceeded to find that plaintiff will be irreparably harmed (or will not be irreparably harmed), or to find a likelihood of ultimate success (or to find no likelihood of success), this court would have trespassed on the prerogatives of the forum expressly provided in the party's formal agreement, and established by the Federal Arbitration Act as the place for deciding all matters of dispute between the parties.  Would an interim finding of fact by this court constitute the law-of-case and bind the arbitrators?  Would a position taken by a party before this court, and agreed to by this court, constitute judicial

estoppel applicable against that party before the arbitral tribunal? Conspicuously, Prudential has not alleged an attempt by defendant to frustrate the arbitration process. Neither has it alleged that the arbitration process is inadequate to the task.

This court finds it both unique and indefensible that Prudential would travel two tracks simultaneously toward the same goal. Because this court finds the arbitration track entirely adequate, if not perfect, it will defer to arbitration.

A separate order denying plaintiff's request for preliminary injunction, and closing the case, will be entered.

DONE this 22ᵈ day of May, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE